1    Frank A. Conner, SBN 90909
      Wordes, Wilshin & Conner, LLP
2    20151 SW Birch Street
      Suite 175
3    Newport Beach, CA 92660
      Tel.  949 486-5900
4    Fax  949 486-5888
      e-mail:  faconner@wwgc.com
5

6    Attorneys for Cole Asia Business Center Inc.,
      Sevan Aslanyan, and Cole Group Inc.
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | COLE ASIA BUSINESS CENTER, INC., a Philippine Corporation, | CASE NO. 2:12-cv-00956-DDP-CW |
|---|---|---|

11   COLE ASIA BUSINESS CENTER,        CASE NO. 2:12-cv-00956-DDP-CW
      INC., a Philippine Corporation,
12                                      ASSIGNED TO:  Judge Dean D.
                  Plaintiff,            Pregerson
13
          v.
14                                      ***Note changes made by court***
      ROBERT D. MANNING, an
15   individual; DEBTORWISE
      FOUNDATION, a Delaware            INTERIM STIPULATED PROTECTIVE
16   corporation; and DOES 1-100,       ORDER
      inclusive,
17
                  Defendants.
18   ──────────────────────────
19   ROBERT D. MANNING, an
      individual; DEBTORWISE
20   FOUNDATION, a Delaware
      corporation,
21
                  Counterclaimants,
22
          v.
23
      COLE ASIA BUSINESS CENTER,
24   INC., a Philippine Corporation;
      ACCESS COUNSELING , INC., a
25   Delaware corporation; COLE GROUP,
      INC., a Nevada corporation; SEVAN
26   ASLAYAN, an individual; and ROES
      1-10,
27
                  Counter and Third
28               Party defendants.

ORDER

1.       In connection with the production of documents made pursuant to this interim protective order, the parties shall designate documents, or other information derived therefrom, as "Confidential" under the terms of this Interim Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.       By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.       Any document or other information derived therefrom which identifies customers (including law firms or individual customers/clients) shall be considered confidential, whether or not it is stamped "CONFIDENTIAL".  Unless further designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to paragraph 6, any document or other information derived

therefrom which identifies customers (including law firms or individual consumers/clients) shall be treated as confidential and all provisions of paragraph 4 and 5 shall be followed.  Any document and information derived therefrom which identifies an individual consumer/client is entitled to the utmost care and their name and/or personal information must be redacted or filed under seal if it is to be filed with the Court.

4.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a.    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action (for the purposes of the interim stipulated protective order, "expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of a party or of a competitor's

of a party);

c.   court reporter(s) employed in this action;

d.   a witness at any deposition or other proceeding in this action; and

e.   any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.      The parties may further designate certain discovery material of a highly confidential and/or proprietary nature as "CONFIDENTIAL-- ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

7.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8.      In the event that the producing party or a third party fails to designate a document or testimony as Confidential Information or Attorney's Eyes Only, that party or third party, or any party, may make such a designation subsequently by notifying the other parties in writing as soon as practicable.  Until such

notification, however, disclosure of any such document or testimony shall not constitute a violation of this Interim Stipulated Protective Order.

9.      If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and **submitted for filing** ~~filed~~ under seal **in accordance with Local Rule 79-5.1** until further order of this Court or redacted to the satisfaction of the party designating such information as confidential or Highly Confidential Information.

10.      In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.      This Order shall be without prejudice to the right of the parties (i) to bring before the Court **in compliance with Local Rule 37** ~~at any time~~ the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.      This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.     The parties are not intending to waive any and all rights as to the trade secret, confidential, proprietary and/or privilege nature of any such records by permitting access to the records.

14.     This Interim Stipulated Protective Order shall not waive any objections otherwise available and shall be without prejudice to the right of any party to oppose production of any information on any such grounds, such as lack of timeliness or relevance.

15.     Nothing in this Interim Stipulates Protective Order shall be deemed to limit or waive any right of any Party or third party to resist or compel discovery with respect to documents which may be claimed to be privileged or otherwise protected or protectable.   Nothing contained in the foregoing provisions of this Interim Stipulated Protective Order shall be deemed to preclude any party or third party at any time from seeking and obtaining from the Court, on an appropriate showing, additional protection, including an order that material shall not be produced at all.

16.     The parties agree that documents and information derived therefrom produced pursuant to this Interim Stipulated Protective Order shall be exchanged between the Parties Represented by Frank A. Conner and the Parties Represented by Patricia Cymerman only.  The document production by DebtorWise Foundation and Robert D. Manning shall not be produced to Ms. Talavera, pending resolution of the Motion to Disqualify and subsequent protective order as described in the Recitals.  The Parties Represented by Frank A. Conner and Mr. Conner agree and warrant that they will not provide the documents produced by DebtorWise Foundation and Robert D. Manning or any information derived therefrom to Ms. Talavera or to Access or any officer, director, or employee of Access.

17.     The parties hereto agree to be bound by the terms of this Interim Stipulated Protective Order pending entry of the Order herein.

18.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

19.     Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

Dated:  September 12, 2012



United States District Magistrate Judge

ATTACHMENT A

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order enter in *Cole Asia Business Center  v. Robert Manning, etc., et al.*, United States District Court for the Central District of California, CASE NO. 2:12-cv-00956-DDP-, and hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of that Court for purposes of enforcing this Order.

Dated:

_____