O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLE ASIA BUSINESS CENTER, INC., a Philippines corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT D. MANNING, an individual; DEBTORWISE FOUNDATION, a Delaware corporation,<br><br>　　　　　Defendants. | Case No. CV 12-00956 DDP (CWx)<br><br>**AMENDED ORDER GRANTING DEFENDANT AND COUNTER/THIRD PARTY CLAIMANT DEEBTORWISE'S MOTION TO DISQUALIFY AURORA TALAVERA AND THE AURORA LAW GROUP AS COUNSEL FOR THIRD PARTY DEFENDANT ACCESS COUNSELING, INC.**<br><br>[Dkt. No. 57] |

　　　Presently before the court is Defendant and Counterclaimant/Third Party Claimant DebtorWise Foundation ("DebtorWise")'s Motion to Disqualify Aurora Talavera and the Aurora Law Group as Counsel of Record for Third Party Defendant Access Counseling, Inc. ("Access").  Having considered the submissions of the parties, including the documents submitted by DebtorWise for in camera review, and heard oral argument, the court grants the motion and adopts the following order.

///

**I. Background**

The following background facts are not in dispute:

DebtorWise provides online and telephonic credit counseling and debtor education courses required by the Federal Courts to obtain bankruptcy discharge. In September 2010, DebtorWise entered into a written agreement with Cole Asia, who agreed to provide credit counseling services to DebtorWise clients through a call center in Makati City, Philippines. DebtorWise alleges a number of problems with Cole Asia's performance, including language deficiencies of the counselors and overbilling. (Compl. ¶¶ 13-20.)

Access became an approved provider of credit counseling courses around March 2011.

On December 30, 2011, Cole Asia filed a complaint against Manning and DebtorWise for breach of contract, book account, account stated, and quantum meruit, claiming that DebtorWise had failed to pay for services provided and for an agreed-upon termination fee. DebtorWise filed a counterclaim against Cole Asia, Cole Group, Inc., Sevan Aslayan, Roes 1-10, and Access Counseling. (Counterclaim and Party Complaint ("Counterclaim") Debtorwise alleged that Aslanyan himself had opened the competing business Access, which "poached" DebtorWise clients in violation of an agreement not to compete and copied some of DebtorWise's materials. (Countercl. at ¶ 23.) Access, through its attorney Aurora Talavera, denied all allegations and denied that Aslanyan is or ever has been a corporate officer or Board member of access. (Answer by Access Counseling Inc. to Counter Claim, passim.)

Attorney Talavera, principal and sole attorney for The Aurora Law Group, represented DebtorWise on two occasions. (Opp. at ¶ 3.)

First, on May 12, 2011, Talavera signed a letter to Sage Personal Finance stating that her firm served as DebtorWise's California counsel. (Motion to Disqualify Aurora Talavera and the Aurora Law Group as Counsel of Record for Third party Defendant Access Counseling ("Motion"), Decl. of Robert D. Manning ("Manning Decl."), Exh. A.) The letter stated that the Adair Law Firm had sent Sage a letter demanding that it cease any wrongful use of the DebtorWise name and any trademark violations. The letter repeated the cease-and-desist demand and requested confirmation of receipt and compliance with the demand. It threatened legal action if the Aurora Law Group did not receive a response. The parties do not indicate whether this letter settled the matter in question.

The second representation appears to have been more sustained. On July 25, 2011, Talavera signed a letter to James David Johnson P.A., stating that the Aurora Law Group was representing DebtorWise Foundation in a licensing agreement dispute with Start Fresh Today Inc. ("Start Fresh"). (Mot., Manning Decl., Exh. B.) On October 26, 2011, Talavera wrote to Manning stating that she had received a letter about arbitration of the Start Fresh dispute in Chicago and requesting additional clarification on the arbitration to "determine what the status of the 'case' is." She stated that she would contact the arbitrator Gilbert Camarena and requested all additional correspondence to be forwarded to her. (Opp., Exh. 7.) On November 22, 2011, Talavera emailed Manning regarding the arbitration. (Mot., Manning Decl. Exh. D; Opp. Exh. 8.) In that email, she stated that she had not received a response to her October 26 letter and that "consequently, [her] office cannot represent [Manning] or DebtorWise at this scheduled arbitration" on

3

November 30 and that "DebtorWise will have to make other arrangements."

On May 14, 2012, Talavera filed a Motion to Quash Service of Process as counsel to Access. Since then, Talavera has represented Access in all proceedings in this case.

## II. Legal Standard

"The trial court is vested with the power '[t]o control in furtherance of justice, the conduct of its ministerial officers.'" Henriksen v. Great Am. Sav. & Loan, 14 Cal. Rptr. 2d 184, 186 (Ct. App. 1992). The court's inherent power includes the power to disqualify an attorney. Id. The court applies state law in determining matters of disqualification. In re Cnty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000).

The starting point for the court's analysis is California Rules of Professional Conduct, Rule 3-310(e) ("Avoiding the Representation of Adverse Interests").[1] It provides, in relevant part, that "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." "The purpose of [this] rule is to protect the confidential relationship which exists between attorney and client, a relationship which continues after the formal relationship ends. The fiduciary nature of that relationship requires the application of strict standards.

---

[1] The Central District of California has adopted the Rules of Professional Conduct of the State Bar of California, and the decisions construing them, as the governing standards of professional conduct. See C.D. Cal. L.R. 83-3.1.2.

4

For that reason, a former client may seek to disqualify a former attorney from representing an adverse party . . . ." <u>Henriksen</u>, 14 Cal. Rptr. 2d at 186 (internal citations omitted).

In order to prevail on a motion to disqualify, the moving party and former client must demonstrate either: (1) that the former attorney actually possesses confidential information adverse to the former client; or (2) that there is a "'substantial relationship' between the former and current representation." <u>H.F. Ahmanson & Co. v. Salomon Bros., Inc.</u>, 229 Cal. App. 3d 1445, 1452 (Ct. App. 1991) ("<u>Ahmanson</u>").

**III. Discussion**

A. Actual possession of confidential information

There is no dispute that Talavera represented DebtorWise on two occasions. First, on May 5, Talavera wrote a cease-and-desist letter to stop Sage Personal Finance from using the DebtorWise name and violating its trademark rights. Second, starting around July 2011, Talavera represented DebtorWise in its dispute with Start Fresh. The parties disagree on whether any confidential information was imparted and whether confidentiality was waived.

Manning and DebtorWise assert that Talavera came into actual possession of confidential information adverse to them in the current action. Based on the documents submitted under seal for in camera review, the court agrees. The documents under seal contain information about DebtorWise's business plan, account volume, and litigation strategy, all of which is confidential. (Decl. Of Robert D. Manning regarding Motion to Disqualify Aurora Talavera and the Aurora Law Group as Counsel of Record for Third Party Defendant Access Counseling, Inc., Exhs. 1-6.) Talavera is thus in possession

5

of confidential information about DebtorWise that is adverse to DebtorWise in the current action, while also representing Access, an opposing party in the action. This is a conflict and is barred by the California Rules of Professional Conduct.

B. Waiver of Confidentiality

Talavera argues that Manning waived confidentiality because "everything was shared with business associates who are now involved in the case herein." (Opp. at ¶ 9.) She states that Sevan Aslanyan was present for all her conversations with Manning and was copied on all their email correspondence. (Opp. at ¶¶ 4-5).

Manning denies that all communications between himself and Talavera were made in the presence of or copied to Aslanyan. Manning declares that they did speak directly without Aslanyan and that "some email messages were just between her and I, as exemplified in the moving papers." (Reply, Manning Decl. ¶¶3-4). Manning offered as an exhibit one such email, in which Talavara informed Manning that she could not represent DebtorWise in the Start Fresh arbitration. (Mot., Manning Decl., Exh.E)  He further declares that if Aslanyan participated on all phone calls, it was unbeknownst to Manning. (Reply, Manning Decl. ¶ 3.)

Typically, communications disclosed to third parties are not considered to be confidential communications between attorney and client. Nonetheless, the California Evidence Code makes allowances for the presence of certain third parties; it considers as confidential all information transmitted "in confidence by a means which, so far as the client is aware, discloses the information to no third parties other than those who are present to further the

6

interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." Cal. Evid. Code § 952. Thus "a communication to a lawyer is nonetheless confidential even though it is made in the presence of another person--such as a spouse, parent, business associate, or joint client--who is present to further the interest of the client in the consultation." Cal. Evid. Code § 952 (Law Review Commission Comments). If Aslanyan can be considered a business associate, then even if he was involved in all communications between Talavera and Manning, those communications would remain confidential.

California courts have been strict about how far the business associate exception may be extended. While the presence of an officer of a wholly owned subsidiary will not destroy confidentiality, Ins. Co. of N. Am. v. Superior Court, 108 Cal. App. 3d 758, 771 (Ct. App. 1980), communications within a "sellers group" that were also shared with an attorney were not subject to attorney-client privilege. McCaugherty v. Siffermann, 132 F.R.D. 234 (N.D. Cal. 1990). Here, Aslanyan and Manning were representatives of different entities which were apparently associated with each other only through a contractual relationship. Absent additional facts, the court finds that Aslanyan was not a business associate and that Manning did waive confidentiality when communicating with his attorney in Aslanyan's presence.

Although Manning waived confidentiality of all communications that he shared with Aslanyan, he has provided evidence of at least one instance of an apparently private communication with his

7

attorney. The court finds that, lacking evidence to the contrary, it is unlikely that Aslanyan was involved in all other communications. The court therefore finds that Manning and Debtorwise did not waive confidentiality with respect to all their communications with their attorney Talavera. The court notes that if an attorney wishes to involve a third party in all communications with her client, that attorney would best fulfill her duty of loyalty to the client by obtaining the client's express consent and by explaining to the client any resulting waiver of confidentiality.

**IV. Conclusion**

The court finds that Talavera was in possession of confidential information adverse to a former client. The court finds further that Manning and DebtorWise did not waive confidentiality with respect to all his communications with Talavera. Therefore, DebtorWise's motion is hereby GRANTED. Aurora Talavera and The Aurora Law Group are disqualified and must be withdraw from representing Access or any other party in the current action.

IT IS SO ORDERED.

Dated: June 5, 2013

DEAN D. PREGERSON
United States District Judge

8